IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NAJAH H. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV85 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BRACKEN, PAM | ) | **MEMORANDUM** |
| BRACKEN, and JEFFREY WHITE, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on February 28, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

### A.   **Summary of Complaint**

Plaintiff filed her Complaint in this matter on February 28, 2008 against three Defendants, David Bracken, Pam Bracken, and Jeffrey White ("White"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff identifies David and Pam Bracken as former business partners and White as her former husband. (*Id*. at CM/ECF p. 3.)

Condensed and summarized, Plaintiff alleges that on February 12, 2008, Defendants broke into her e-mail account and looked through private e-mails, financial information, and sensitive documents, and stole her contact list. (*Id*.) Plaintiff further alleges that after accessing her e-mail account, Defendants "sent out very damaging photos of myself to my friends, relatives and clients." (*Id*.) Plaintiff claims that Defendants sent out the photos from Plaintiff's account so that it would appear as if she sent the photos. (*Id*.) Plaintiff states that on February 13, 2008, Defendants broke into her account again, and using her account, took out an ad on

Arabic Lounge, a dating site. (*Id.*) Plaintiff alleges that the ad "was very racial in nature and also had my pictures on it." (*Id.*) Plaintiff states that "[o]n the ad [Defendants] defamed my character and made me seem like a promiscuous woman." (*Id.*) Plaintiff states that she is of Arabic descent and that her friends and family use this site. (*Id.*)

Plaintiff alleges that Dave and Pam Bracken sent her an e-mail before these incidents occurred stating that they would damage her by revealing private secrets. (*Id.*) Plaintiff claims that over the past year, her car has been broken into three times, her business has been vandalized, and nails have been repeatedly thrown under her tires. (*Id.*) Plaintiff has obtained a protection order against Pam and Dave Bracken. (*Id.*) Since obtaining the protection order, Plaintiff alleges that the Brackens have tried to sabotage her business and have harassed her employees. (*Id.*)

Plaintiff asks this court to "keep the named defendants from violating her future rights, to award damage for loss of reputation and loss of business." (*Id.* at CM/ECF p. 6.)

### B. Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v.*

*Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### C.     Discussion of Claims

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). It is clear from Plaintiff's allegations that all of the parties are residents of Nebraska. There is no diversity of citizenship and it therefore cannot be a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). In Plaintiff's Complaint, she states her claims are based on civil rights violations and mail and identity theft. To state a claim for civil rights violations under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Here, Defendants are not actors under color of state law. Therefore, Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

3

Furthermore, Plaintiff does not assert what federal statute supports her claims for mail fraud and identity theft. Indeed, Congress did not intend to create a private right of action in enacting either the federal mail or wire fraud statutes. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999). Moreover, even when construed liberally, Plaintiff did not plead her allegations of mail fraud with sufficient particularity to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[1] *See Federal Land Bank of Omaha v. Gibbs*, 809 F.2d 493, 496 (8th Cir. 1987) (holding that vague and conclusory allegations are insufficient to state a civil RICO claim). Accordingly, Plaintiff's claims of mail fraud and identity theft appear to be more closely akin to the state tort claims of fraud, defamation, and identity theft. Such claims may be actionable in state court, but cannot be brought in federal court.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered.

April 18, 2008.　　　　　　　　　　BY THE COURT:
　　　　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] The RICO act identifies mail and wire fraud as predicate acts that will support a RICO claim. 18 U.S.C. § 1961(1)(B). But even if properly plead, it does not appear that Plaintiff could establish a RICO claim based on the facts of this case. To state a civil RICO claim, a plaintiff must establish "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.*, 88 F.3d 563, 570 (8th Cir. 1996).